SUSAN B. MEYER (SBN: 204931)
Email: smeyer@gordonrees.com
SEAN D. FLAHERTY (SBN: 272598)
Email: sflaherty@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Plaintiff 5.11, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 5.11, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>UNDER ARMOUR, INC., a Maryland corporation; and DOES 1-25,<br><br>Defendants. | CASE NO. **'16CV0631 DMS BLM**<br><br>**COMPLAINT FOR:**<br><br>1. **Trademark Infringement (15 U.S.C. § 1114);**<br><br>2. **False Designation of Origin (15 U.S.C. § 1125(a));**<br><br>3. **Trademark Dilution (15 U.S.C. § 1125(c));**<br><br>**AND JURY TRIAL DEMAND [FRCP 38]** |

Plaintiff 5.11 INC., ("5.11" or "Plaintiff") for its Complaint against Defendant UNDER ARMOUR, INC., ("UA" or "Defendant") respectfully alleges as follows:

**Nature of the Action**

1. This is an action for willful violations of 5.11's intellectual property rights, including trademark infringement, trademark dilution and false designation of origin, arising out of Defendant's unauthorized use of 5.11's registered trademarks.

///

///

## Jurisdiction and Venue

2. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*

3. This Court has subject matter jurisdiction over 5.11's claims as federal questions pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1338(a) and (b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## The Parties

5. Plaintiff 5.11 is California Corporation that creates products that enhance the safety, accuracy, speed, and performance of law enforcement, military, first responders, and sporting enthusiasts. These products include, but are not limited to, apparel, uniforms, footwear, bags, packs, and accessories.

6. 5.11 is the owner of protectable interests in the registered United States trademark, described as the Scope Design mark. 5.11 has been using Scope Design in commerce since at least as early as 2006.

7. On information and belief, defendant UNDER ARMOUR, INC. ("UA") is a Corporation that is headquartered in Baltimore, Maryland. On information and belief, UA is a corporation engaged in the business of selling sports clothing and accessories, including but not limited to apparel and footwear. UA has been offering and selling footwear using a mark strikingly similar to 5.11's Scope Design mark in connection with its Men's UA SpeedFit Hike Boots.

## 5.11's Intellectual Property Rights

8. 5.11 creates products that enhance the safety, accuracy, speed, and performance of law enforcement, military and firefighting professionals. These products include, but are not limited to, apparel, uniforms, footwear, bags, packs and accessories. The Scope Design mark is one of 5.11's house marks and is used as a source identifier for various 5.11 products, specifically including footwear.

9. 5.11 has been using the Scope Design mark in commerce since at least as early as 2006 and consumers readily and singularly associate the Scope Design

mark with 5.11's product. The Scope Design mark is often applied to its products in an orange color.

5. 5.11 diligently protects its intellectual property through, *inter alia,*



trademark registrations.  5.11 owns a registered United States trademark for the following Scope Design mark:

6. U.S. Trademark Registration No. 4182349 for the Scope Design mark issued on July 31, 2012, for use in connection with clothing, namely, pants, shorts, vests, shirts, t-shirts, polo shirts, fleece pullovers, coats, jackets, blazers, parkas, wind resistant jackets, coveralls, dungarees, jump suits, uniforms, waterproof jackets, waterproof pants, underwear, head wear, hats, caps, gloves, belts, socks, footwear, and boots. The Scope Design mark has been in continuous use in commerce since at least the dates of 5.11's first use as indicated in its registrations to the present day.  The Scope Design mark is prominently affixed to 5.11's footwear, specifically including boots:



## Defendant's Willful Infringement

7. Defendant is an entity that supplies sports clothing and accessories, including, but not limited to, footwear. Defendant also markets its apparel and footwear products to athletic, law enforcement, and military consumers. Defendant has been using a mark that is strikingly similar to 5.11's Scope Design mark in connection with its Men's UA SpeedFit Hike Boots. This mark appears on the bottom of the boot and is strikingly similar to the Scope Design mark in both design and color:



8.  Defendant is not a 5.11 affiliate, and 5.11 has never authorized Defendant's use of the Scope Design mark.  Nonetheless, Defendant has offered and/or is offering identical goods as those offered by 5.11—namely footwear—while using 5.11's Scope Design mark to do so.

9.  Defendant has used the Scope Design mark to offer, sell and promote its products on the Internet, including, but not limited to, the following website: www.underarmour.com.  In many instances, Defendant's infringing Speedfit Hike Boot has been offered by the same online and/or brick and mortar retailers offering 5.11 boots, such as Dick's Sporting Goods, Cabela's, and tacticalgear.com.  The Defendant's use of the Scope Design mark creates the false impression that 5.11 endorses or otherwise approves the products that Defendant is offering for sale.

10.  Defendant's use of the Scope Design mark creates the false impression that Defendant and 5.11 are the same entity, associated entities, and/or that 5.11 has somehow sponsored or approved of Defendant's products.  The false impression created by Defendant causes confusion among consumers.

11.  5.11 has not authorized or licensed Defendant's use of the Scope Design mark.  5.11 does not endorse Defendant's business, or otherwise approve of Defendant's infringing uses of the Scope Design mark.

12.  On information and belief, Defendant uses the Scope Design mark with the intent to mislead consumers into believing that Defendant is a licensed 5.11 affiliate and/or otherwise sponsored or endorsed by 5.11 and with the intent to profit by trading on 5.11's goodwill.

13.  Defendant was and is, at all relevant times, aware of 5.11's prior use, ownership, and registration of the Scope Design mark.

14.  Defendant's use of the Scope Design mark reflects a deliberate attempt by Defendant—who is in the same industry as 5.11—to make its products appear as if they originate from 5.11 or are otherwise associated or endorsed by

5.11. Defendant's intent is to give its product an instant credibility that is not otherwise warranted, and to confuse the unsuspecting consumer.

15. Defendant's use of the Scope Design mark is likely to cause confusion or mistake, or deceive purchasers, potential purchasers, and the relevant consuming public as to the source or sponsorship or approval of Defendant's products, and/or as to their affiliation with 5.11, and it is thereby causing harm to 5.11's reputation and goodwill.

16. Defendant's use of the Scope Design mark in connection with Defendant's goods is likely to cause initial interest confusion or mistake, or initially deceive purchasers, potential purchasers, and the relevant consuming public and trade as to the source or sponsorship or approval of Defendant's products and/or as to their affiliation with 5.11, and is thereby causing harm to 5.11's reputation and goodwill.

17. Defendant's unlawful conduct is causing and will continue to cause harm to 5.11. In particular, consumers who view Defendant's use of the Scope Design mark in connection with its products will believe that Defendant's goods are associated with 5.11. This conduct, if not enjoined, will undermine the goodwill that 5.11 has spent years carefully cultivating for its marks.

18. Beginning in October 2015, 5.11 demanded that Defendant phase out its use of the Scope Design mark over a period of time and thereafter not use or register this mark or any similar mark for footwear, clothing, or accessories. Defendant has refused to cease its infringing activity.

### FIRST CLAIM
### Trademark Infringement (15 U.S.C. § 1114)

19. 5.11 repeats and realleges the allegations set forth above.

20. This claim is for trademark infringement under the laws of the United States, Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

21. Defendant used the Scope Design mark to promote and sell Defendant's footwear in violation of 5.11's rights in its registered trademark.

22. Defendant's use of the Scope Design mark is likely to cause confusion, mistake, and to deceive consumers.

23. Defendant's actions constitute a blatant attempt to confuse the consuming public and to trade off 511's goodwill.

24. Defendant acted knowingly and willfully, with full knowledge of the likelihood of confusion and with the intent to deceive consumers in order to trade off the efforts and earned goodwill and reputation of 5.11.

25. By reason of the foregoing acts of trademark infringement, 5.11 has been injured in an amount not yet ascertained. Further, Defendant has been unjustly enriched by virtue of its deception of consumers and misappropriation of 5.11's goodwill.

26. In addition, as a result of Defendant's acts of infringement, 5.11 suffered and will continue to suffer irreparable harm for which 5.11 has no adequate remedy at law, including damage to 5.11's goodwill. Unless Defendant's acts of infringement are enjoined by this Court, 5.11 will continue to suffer irreparable harm.

27. Defendant's actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to 5.11 of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM
### False Designation of Origin  (15 U.S.C. § 1125(a))

28. 5.11 repeats and realleges the allegations set forth above.

29. Defendant's use of Scope Design mark in interstate commerce, without 5.11's consent, is a false designation of origin causing a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public. Defendant's conduct has infringed 5.11's

trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

30. By reason of the foregoing, 5.11 has been injured in an amount not yet fully determined. Further, Defendant has been unjustly enriched by virtue of its deception of consumers and misappropriation of 5.11's goodwill.

31. As a result of Defendant's acts of infringement, 5.11 suffered and will continue to suffer irreparable harm for which 5.11 has no adequate remedy at law, including damage to 5.11's goodwill. Unless Defendant's acts of infringement are enjoined by this Court, 5.11 will continue to suffer irreparable harm.

32. Defendant's actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to 5.11 of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM
### Trademark Dilution  (15 U.S.C. § 1125(c))

33. 5.11 repeats and realleges the allegations set forth above.

34. This claim is for trademark dilution under the laws of the United States, Section 43 of The Lanham Act, 15 U.S.C. § 1125(c).

35. Because of the substantial investment that 5.11 has made in marketing its products under the Scope Design mark throughout the world for several years of continuous use in commerce, including advertising and marketing, 5.11's trademark has become instantly recognizable and distinctive for the sale of gear and have become both distinctive and famous. Thus, the Scope Design mark qualifies as a "famous mark" under the Federal Trademark Dilution Act ("FTDA"), 15 U.S.C. § 1125(c).

36. Defendant's unauthorized use of the Scope Design mark dilutes the capacity of the Scope Design mark to identify and distinguish 5.11's goods.

37. By reason of the foregoing acts of trademark dilution, 5.11 has been injured in an amount not yet ascertained. Further, Defendant has been unjustly enriched by virtue of its dilution of the Scope Design mark.

38. In addition, as a result of Defendant's acts of infringement, 5.11 has suffered and will continue to suffer irreparable harm for which 5.11 has no adequate remedy at law, including damage to 5.11's goodwill. Unless Defendant's acts of infringement are enjoined by this Court, 5.11 will continue to suffer irreparable harm.

39. Defendant's actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to 5.11 of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, 5.11 demands judgment as follows:

a. Judgment in 5.11's favor on all claims herein;

b. Preliminary and permanent injunctions preventing Defendant from continued infringement of 5.11's intellectual property rights, including infringement of 5.11's registered trademarks;

c. An accounting of profits and damages resulting from Defendant's false designation of origin and trademark infringement and trebling of such damages under the trademark laws because of the knowing, intentional, willful, and wanton nature of Defendant's conduct;

d. An award to 5.11 of (a) an amount equal to the actual damages suffered by 5.11 as a result of the infringement of its proprietary trade dress; (b) an amount equal to the profits earned by Defendant as a result of its infringement; (c) an amount equal to three times the monetary award assessed in view of Defendant's willful and wanton infringement; (d) in the alternative as may be elected by 5.11,

pursuant to Lanham Act Section 35, 15 U.S.C. § 1117(c), statutory damages for each of Defendant's willful acts of infringement; (e) pre-judgment interest and post-judgment interest; (f) an amount equal to 5.11's reasonable attorney's fees, as an "exceptional" case under 15 U.S.C. § 1117;

   e.   An award of punitive damages for intentional and willful acts;
   f.   An award of interest, attorney's fees, and costs; and
   g.   Such other and further relief as the Court deems proper.

Dated:  March 11, 2016                    GORDON & REES LLP


                                          By:  /s/ Susan B. Meyer
                                               Susan B. Meyer
                                               Attorneys for Plaintiff
                                               5.11, Inc.


## REQUEST FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, 5.11 hereby demands a jury trial on all issues triable as of right to a jury.

Dated:  March 11, 2016                    GORDON & REES LLP


                                          By:  /s/ Susan B. Meyer
                                               Susan B. Meyer
                                               Attorneys for Plaintiff
                                               5.11, Inc.

COMPLIANT